# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **FISHERBROYLES, LLP,** | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO.** _____ |
| | ) | |
| v. | ) | |
| | ) | |
| **JURIS LAW GROUP,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

COMES NOW plaintiff, FisherBroyles, LLP, and seeks appropriate injunctive and compensatory relief against defendant Juris Law Group regarding infringement of THE NEXT GENERATION LAW FIRM trademark, as follows:

### JURISDICTION

1. This action asserts a claim for a violation of a federally-registered trademark, including a claim under 15 U.S.C. §§ 1116, 1117, and 1125. This Court has jurisdiction of that claim under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), and this Court has jurisdiction over all related unfair competition claims under 28 U.S.C. § 1338(b).

2. All other claims asserted in this action arise out of the same transaction or occurrence, so that this court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. § 1367(a).

3. In addition, this Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

## CLAIM FOR RELIEF

4. Plaintiff is a limited liability partnership organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

5. On information and belief, defendant Juris Law Group is a corporation organized and existing under the laws of the State of California, with its principal place of business in Century City, California.

6. Plaintiff engages and has engaged in the practice of law under the trademark "THE NEXT GENERATION LAW FIRM" ("the Mark").

7. The business of plaintiff has grown from small beginnings – one office in Atlanta with few partners – to a large and prosperous business. Plaintiff now has ten offices and more than 80 partners nationwide.

8. Plaintiff's law practice, in all of its offices, is operated under the Mark, and plaintiff's legal services under the Mark have been extensively advertised throughout the United States. Plaintiff's legal services have met with popular approval in significant part as a result of plaintiff's extensive practice and advertising.

9. A true and correct copy of a specimen of plaintiff's logo, on which the Mark is displayed, is attached to this complaint as <u>Exhibit 1</u> and is incorporated herein by reference. The Mark has come to mean and is understood to mean plaintiff and plaintiff's legal services only, and the Mark is a mark by which the legal services of the plaintiff are distinguished from other services of the same class. This is true throughout the United States, including the State of California and the City of Century City.

10. Plaintiff, after due and proper proceedings, duly registered its trademark "THE NEXT GENERATION LAW FIRM" in the United States Patent and Trademark Office on August 18, 2009. The registration is valid and subsisting, uncancelled and unrevoked, and plaintiff is the owner of it. A true and correct copy of the registration is attached to this complaint as <u>Exhibit 2</u> and is incorporated herein by reference.

11. Defendant Juris Law Group has put legal services on the market that defendant sells under the designation "the next generation law firm." A true and correct copy of a specimen of defendant's website on which the slogan "the next generation law firm" is displayed is attached to this complaint as <u>Exhibit 3</u> and is incorporated herein by reference.

12. Defendant adopted the slogan "the next generation law firm" as a slogan for its legal services with full knowledge of the prior and extensive use by plaintiff of the trademark "THE NEXT GENERATION LAW FIRM." In fact, in addition to the Mark, defendant's website in May 2010 included numerous pages copied verbatim from plaintiff's website.

13. In addition, defendant has continued to use the slogan "the next generation law firm" after being notified by plaintiff of its infringement and after being requested to cease and desist its infringement.

14. The slogan "the next generation law firm" is a colorable imitation of plaintiff's registered trademark and is an infringement. Plaintiff's legal services bearing the Mark are sold in interstate commerce and defendant's legal services bearing the slogan "the next generation law firm" are sold in interstate commerce.

15. The slogan "the next generation law firm" is a counterfeit mark that defendant intentionally used, knowing such mark is a counterfeit mark, in

connection with the sale, offering for sale, or distribution of defendant's legal services.

16. Defendant's use of the designation "the next generation law firm" is without the license or consent of the plaintiff, and the legal services of the defendant are of the same descriptive properties as those set forth in plaintiff's registration.

17. Unless restrained by this Court, defendant will continue to infringe plaintiff's registered trademark, to plaintiff's irreparable injury.

18. Defendant's use of the designation "the next generation law firm" amounts to unfair competition and has deprived plaintiff of money and profits that it otherwise would have earned had the defendant's illegal and improper conduct not occurred.

19. Defendant had actual notice of Plaintiff's registered use of the Mark and has used the Mark willfully and without regard to Plaintiff's registration of the Mark.

20. Defendant's use of the Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of defendant's services

or commercial activities by plaintiff, and plaintiff is likely to be damaged by such acts.

21. Defendant's use of the Mark is likely to cause dilution by blurring or dilution by tarnishment of the Mark, and defendant willfully intended to trade on the recognition of the Mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

A. That defendant, its agents, servants, employees, privies, successors, and assigns, and all claiming any rights through them, be restrained during the pendency of this suit and afterwards and be perpetually enjoined and restrained from:

    i. Using the words "the next generation law firm" or any slogan or advertisement including the words "the next generation law firm" or any other colorable imitation of plaintiff's registered trademark "THE NEXT GENERATION LAW FIRM" in the provision of legal services; or

    ii. Otherwise infringing plaintiff's registered trademark.

B. That defendant account to plaintiff and pay plaintiff all profits realized by it from the sale of legal services bearing the name "the next generation law firm."

C. That plaintiff recover all damages sustained by plaintiff on account of the infringement, an amount in excess of $75,000.

D. That plaintiff be awarded treble profits or damages, whichever is greater, under 15 U.S.C. § 1117.

E. That plaintiff be awarded its reasonable attorneys' fees.

F. That plaintiff be awarded its costs of this suit.

G. Such other relief as the Court deems appropriate.

Dated April 12, 2014.

Respectfully submitted,

FISHERBROYLES, LLP

By:   /s/ David J. Myers
David J. Myers
GA Bar No.: 533072

1200 Abernathy Road
Building 600, Suite 1700
Atlanta, Georgia 30328
404-825-3907 (o)
770-551-8051 (f)
dmyers@fisherbroyles.com

Attorneys for Plaintiff