IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FISHERBROYLES, LLP,

      Plaintiff,

v.              1:14-cv-1101-WSD

JURIS LAW GROUP,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Juris Law Group's ("Defendant") Motion to Dismiss for Lack of Personal Jurisdiction and Motion for Sanctions [5] (the "Motion").

**I. BACKGROUND**

On April 12, 2014, Plaintiff FisherBroyles, LLP ("Plaintiff") filed its Complaint [1] ("Complaint"), asserting claims of trademark infringement and unfair competition against Defendant.

Plaintiff asserts that it is a limited liability partnership organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia, and that Defendant is a corporation organized and existing under

the laws of the State of California, with its principal place of business in Century City, California.  (Compl. ¶¶ 4-5).

Plaintiff practices law under the registered trademark "THE NEXT GENERATION LAW FIRM" (the "Mark").  (Id. ¶¶ 6, 10).  Plaintiff has ten (10) offices nationwide, including offices in California, and has advertised its legal services under the Mark throughout the United States, including the State of California and Century City.  (Id. ¶¶ 7-9).

Plaintiff alleges that Defendant provides legal services using the slogan "the next generation law firm," and adopted this slogan despite knowing of Plaintiff's extensive use of the trademark. and despite Plaintiff's requests that Defendant cease its infringement.  (Id. ¶¶ 11-13).  Plaintiff alleges that Defendant's use of the Mark will cause confusion or cause third parties to believe that Plaintiff is affiliated with Defendant, and Plaintiff is likely to be damaged as a result of this confusion.  (Id. ¶ 20).

Plaintiff requests that the Court enjoin Defendant from using the words "the next generation law firm" in the advertisement of legal services and that Defendant account to Plaintiff and pay Plaintiff all profits realized by Defendant from the sale of legal services using the slogan "the next generation law firm."  (Id. at 6-7).

On May 16, 2014, Defendant filed its Motion, requesting that the Court dismiss Plaintiff's Complaint against Defendant for lack of personal jurisdiction and sanction Plaintiff for Defendant's attorneys' fees and costs incurred in responding to the Complaint.

Defendant argues that it does not have any contact with Georgia such that Defendant would be subject to personal jurisdiction in this state.  (Motion at 1).  Defendant asserts that it is a small law firm with two offices in California that primarily only accepts cases or clients that are based in California.  (Id. at 2).  Defendant asserts that, with the exception of this matter, it has never handled a case in Georgia, has never conducted business in Georgia, and does not solicit business in Georgia.  (Id.).  Defendant does not maintain an office, employees, representatives, or agents in Georgia, and is not registered to do business in Georgia.  (Id. at 2-3).  Defendant does not own, lease, or use any real property in Georgia.  (Id. at 3).  Plaintiff does not allege, in its Complaint, any specific facts that contradict Defendant's assertions, and does not allege any facts, aside from its allegations of trademark infringement and the claimed copying of pages from Plaintiff's website, that suggest that the Court has personal jurisdiction over Defendant.

Defendant asserts that the conduct Plaintiff alleges in its Complaint, if it occurred, occurred in California. (Id.). Defendant argues that it is not subject to either general or specific personal jurisdiction under Georgia's long-arm statute, and that exercising personal jurisdiction over it would violate the Due Process requirements of the Fourteenth Amendment. (Id. at 5-8).

On June 2, 2014, Plaintiff filed its Response in Opposition [7] (the "Response") to the Motion. Plaintiff asserts that the allegations in the Complaint regarding Defendant's wrongful use of the Mark establish that the Court has personal jurisdiction over Defendant. (Response at 2-3). In addition to the allegations in the Complaint, Plaintiff's Response contained additional allegations concerning Defendant's alleged trademark infringement. (Id. at 3-7).

Plaintiff asserts that Defendant's "intentional, targeted torts against plaintiff justify the exercise of personal jurisdiction against it." (Id. at 3). Plaintiff asserts that the Court has personal jurisdiction over Defendant under Georgia's long-arm statute because of Defendant's "intentional, targeted torts against plaintiff constitute transacting business in Georgia." (Id. at 7). Specifically, Plaintiff asserts that the copying of its Mark from its website constitutes the transaction of business in Georgia. (Id. at 14-15).

4

Plaintiff asserts further that Defendant's intentional, tortious acts aimed at Plaintiff establishes the necessary minimum contacts with Georgia to satisfy Due Process.  (Id. at 17-18).  Plaintiff asserts that Defendant knew its infringement of Plaintiff's Mark would injure Plaintiff "and that the brunt of that injury would be felt by plaintiff in Georgia."  (Id. at 18).

## II.  DISCUSSION

### A.  Standard of Review

A plaintiff must allege sufficient facts in its complaint to make out a prima facie case of personal jurisdiction over a defendant.  Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010).  If the plaintiff makes its prima facie showing of personal jurisdiction, the defendant may challenge the allegations of jurisdiction with evidence.  See id.  Upon the defendant's submission of jurisdictional evidence, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction."  Id. (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)); accord Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).  Where there are conflicts between the evidence, the court makes all reasonable inferences in favor of the plaintiff.  Diamond Crystal, 593 F.3d at 1257 (quoting Meier, 288 F.3d at 1269); Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988).

5

A district court has personal jurisdiction over a nonresident defendant if the exercise of jurisdiction (1) is permitted under the state's long-arm statute and (2) does not violate the Due Process Clause of the Fourteenth Amendment. Diamond Crystal, 593 F.3d at 1257–58.  In Georgia, the two inquiries are distinct because the Georgia long-arm statute imposes obligations that a plaintiff must establish that are independent of procedural due process requirements.  Id. at 1259.  To satisfy the Georgia long-arm statute, the plaintiff must establish that jurisdiction is permitted under an express statutory provision, interpreted and applied literally.  Id. at 1259 & n. 10 (construing Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 620 S.E.2d 352 (Ga. 2005)).

To satisfy the constitutional requirement, the defendant must have "fair warning" of litigation in Georgia by establishing "minimum contacts" with the state.  Id. at 1267.  If such "minimum contacts" are shown, the defendant can escape the exercise of personal jurisdiction over it only by making "a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice."  Id.  (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

1.  Long-Arm Statute

Georgia's long-arm statute confers personal jurisdiction over non-resident defendants under six circumstances.  See Ga. Code Ann. § 9-10-91 (the "Long-Arm Statute").  Plaintiff asserts that Defendant is subject to jurisdiction under only the first of these six subsections, which provides for jurisdiction over a defendant who "[t]ransacts any business within [Georgia]." Id. at § 90-10-91(1). Subsection (1) provides for jurisdiction when the defendant has "purposefully done some act or consummated some transaction" in Georgia.  Diamond Crystal, 593 F.3d at 1260 (quoting Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 736–379 (Ga. Ct. App. 2006)) (emphasis removed).  The defendant's physical presence in the state to perform the act is not required.  Id. at 1264.

A nonresident defendant's "mail, telephone calls, and other 'intangible acts'" that occur outside of Georgia must be examined to determine "whether it can fairly be said that the nonresident has transacted any business within Georgia." Id. The defendant, however, must "fairly be said" to have literally "transacted" business in Georgia.  Id.; see also id. at 1264 n. 18 ("'Transact' means 'to prosecute negotiations,' to 'carry on business,' 'to carry out,' or 'to carry on.'") (quoting Webster's Third New Int'l Dictionary, 2425 (1993)).  That is, the

7

defendant must have engaged in conduct directed to Georgia and which occurs in Georgia.  See id.

### 2. Due Process

To satisfy the constitutional requirements for the exercise of personal jurisdiction, a defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Diamond Crystal, 593 F.3d at 1267.  A nonresident defendant is subject to personal jurisdiction in a state only when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  Burger King, 471 U.S. at 474 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980)).

"Due process contemplates two types of jurisdiction over the person: general and specific jurisdiction."  Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, Okla., 245 F. Supp. 2d 1248, 1253 (N.D. Ga. 2002).  For general jurisdiction to apply, a nonresident defendant's "contacts with the forum that are unrelated to the litigation must be substantial," in the nature of "continuous and systematic general business contacts between the defendant and the forum state."  Meier, 288 F.3d at 1274.  Specific jurisdiction is present when the defendant's contacts with the forum state "satisfy three criteria: they must be related to the

8

plaintiff's cause of action or have given rise to it; they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and they must be such that the defendant should reasonably anticipate being haled into court there." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007) (internal quotations omitted).

Jurisdiction must also comport with "traditional notions of fair play and substantial justice," which requires consideration of: "(a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate justice system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies." Meier, 288 F.3d at 1276.

B.   Analysis

The question before this Court is whether the alleged infringement of Plaintiff's Mark from its website and alleged wrongful copying in California of one or more pages of Plaintiff's website provides the Court with long-arm jurisdiction over Defendant.

Plaintiff asserts that Subsection (1) of Georgia's Long-Arm Statute is satisfied because Defendant's "intentional, targeted torts against plaintiff constitute

transacting business in Georgia." (Response at 7). "[S]ubsection (1) long-arm jurisdiction in Georgia expressly depends on the actual transaction of business--the doing of some act or consummation of some transaction--by the defendant in the state." Diamond Crystal, 593 F.3d at 1260. "Interpreted literally, 'transacts any business' requires that the nonresident defendant has purposefully done some act or consummated some transaction in [Georgia] . . . ." Id. at 1264 (internal quotations omitted).

> In conducting this mixed law and fact inquiry, we find instructive the literal definition of the words in the statute. "Transact" means "to prosecute negotiations," to "carry on business," "to carry out," or "to carry on." "Any" means "to any extent" or "in any degree." "Business" means "activity directed toward some end," or "a usually commercial or mercantile activity customarily engaged in as a means of livelihood," or "transactions, dealings, or intercourse of any nature."

Id. at 1264 n.18. (internal citations omitted).

Plaintiff does not allege that Defendant does business in Georgia and does not allege a physical presence in Georgia, or even that Defendant's principals or employees travel here. Plaintiff also does not provide any support for its contention that the commission of an intentional tort--alleged trademark infringement and copying one or more pages from a website--constitutes the "transaction of business" in Georgia sufficient to confer long-arm jurisdiction under Subsection (1). Defendant's alleged conduct was not the "transaction" of

10

"commercial or mercantile activity customarily engaged in as a means of livelihood" in Georgia.  See Diamond Crystal, 593 F.3d at 1264 n.18.  Even though Defendant's website, with the allegedly infringed Mark, was accessible in Georgia and other states, including, apparently California, Plaintiff does not allege that Defendant actually obtained any clients or other business in Georgia through its website or by using the Mark.  Plaintiff simply has failed to allege or show that Defendant's alleged infringement constituted the "transaction of business" in Georgia.

Even if Defendant's alleged trademark infringement constituted a "business transaction" under the Long-Arm Statute--which the Court finds it does not--and assuming Plaintiff alleged jurisdiction under Subsection (2) of the Long-Arm Statute--which it does not--Plaintiff did not allege or show that such a transaction or tort occurred in Georgia.[1]  Subsection (2) of the Long-Arm Statute authorizes courts to exercise personal jurisdiction if a person "[c]ommits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act."  Ga. Code Ann. § 9-10-91(2).

---

[1]  Plaintiff, while established and headquartered in Georgia, maintains offices nationwide, including offices in California.  (Compl. ¶¶ 7-9).  Plaintiff's website and Mark covers its entire firm, not just its Georgia office.

11

In considering Subsection (2) of the Long-Arm Statute, the Eleventh Circuit and Georgia courts have generally found that torts committed using a computer occur at the physical place where the computer used to commit the tort is located. Cf. LABMD, Inc. v. Tiversa, Inc., 509 F. App'x 842, 844 (11th Cir. 2013) (Finding that tortious conduct occurred where defendants used computers and, because the computers were used outside of Georgia, the defendants were not subject to personal jurisdiction under Subsection (2)); Huggins v. Boyd, 697 S.E.2d 253 (Ga. Ct. App. 2010) ("The conduct giving rise to the offense . . . occurred at the physical place where Huggins typed in and sent his e-mails. The effect was the transmission of the communications along electronic lines and receipt by Boyd . . . at the other end. Therefore, Huggins did not engage in any conduct . . . in Georgia, when he sent the e-mails from out of state.").

Where a plaintiff alleges, in a trademark infringement case, that a defendant has wrongfully used the plaintiff's mark on defendant's website to solicit business, our Court has found that neither Subsections (1) or (2) provides personal jurisdiction over the defendant. See Paradise Media Ventures, LLC v. Mills, No. 13-CV-1003, 2013 WL 6388627, at *2-4 (N.D. Ga. Dec. 5, 2013). The Paradise Media Court found that Subsection (1) did not apply because nobody in Georgia utilized defendant's services. Id. at *2-3. The Paradise Media Court

concluded that Subsection (2) did not apply because in a trademark infringement action involving the internet, the tortuous conduct occurs where the infringing "website is *hosted*."[2] Id. at *4; see also Jordan Outdoor Enterprises, Ltd. v. That 70's Store, LLC, 819 F. Supp. 2d 1338, 1345 (M.D. Ga. 2011) ("Even if infringement occurred in Georgia as a result of Georgia residents viewing the infringing marks on Defendants' websites . . . the conduct giving rise to the infringement occurred in Arkansas, where Defendants created the websites.").[3]

Defendant has asserted, and Plaintiff has not rebutted, that Defendant does not provide any services to persons in Georgia and, accordingly, Subsection (1) of

---

[2] Some courts, alternatively, have concluded that the situs of trademark infringement is where the servers which maintain the website are located. See, e.g., Gucci Am., Inc. v. Frontline Processing Corp., 721 F. Supp. 2d 228, 241 (S.D.N.Y. 2010) (applying New York's Long-Arm statute). Even if applicable to Georgia's Long-Arm statute, Plaintiff does not allege the location of the servers that maintain Defendant's website.

[3] The Paradise Media Court also found that Subsection (3) did not apply because the defendant did not regularly do or solicit business in Georgia, or derive substantial review from services rendered in Georgia. Paradise Media, 2013 WL 6388627, at *4. Subsection (3) of the Long-Arm Statute authorizes courts to exercise personal jurisdiction if a person "[c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." Ga. Code Ann. § 9-10-91(3). Because it is uncontroverted that Defendant does not maintain an office in Georgia, solicit clients in Georgia, or provide services in Georgia, the Court concludes, for the same reasons enunciated in Paradise Media, that Subsection (3) does not confer personal jurisdiction over Defendant.

13

the Long-Arm Statute does not provide a basis for exercising long-arm jurisdiction over Defendant.  See Ga. Code Ann. § 9-10-91(1).[4]  Even if Plaintiff relied on

---

[4]   Plaintiff cites two cases that it asserts provides guidance on the issue of personal jurisdiction, U.S. Pharm. Corp. v. Breckenridge Pharm., Inc., No. 09-CV-2050, 2010 WL 3731112 (N.D. Ga. Sept. 16, 2010) and Peridyne Tech. Solutions, LLC v. Matheson Fast Freight, Inc., 117 F. Supp. 2d 1366, 1368 (N.D. Ga. 2000).  (Response at 15-16).  Plaintiff asserts that the Breckenridge Court found that allegations that a nonresident defendant had intentionally copied the plaintiff's trade dress and that this activity manifested itself in Georgia and damaged plaintiff in Georgia "might be sufficient to establish personal jurisdiction under [Licciardello v. Lovelady, 544 F.3d 1280 (11th Cir. 2008)]."  Breckenridge Pharm., 2010 WL 3731112, at *4.  The Breckenridge Court's statement, aside from being dicta, pre-dates the Eleventh Circuit's admonishment that "courts must apply the specific limitations and requirements of O.C.G.A. § 9–10–91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied."  Diamond Crystal, 593 F.3d at 1263.  The fact that a defendant's conduct might have an effect on a Georgia plaintiff does not automatically satisfy the Long-Arm Statute, even if it would satisfy the requirements of Due Process.

Plaintiff's reliance on Peridyne is also misplaced.  Plaintiff asserts that the Peridyne Court concluded that defendants' contact with Georgia through computers constituted a substantial connection with Georgia, and found that defendants should not be entitled to take advantage of modern technology such as the internet to escape traditional notions of jurisdiction.  (Response at 16).  The Peridyne Court, however, incorrectly treated the Long-Arm Statute as providing personal jurisdiction to the limits of Due Process, an interpretation that was specifically rejected by the Eleventh Circuit in Diamond Crystal.  See Peridyne, 117 F. Supp. 2d. at 1369 ("Where a state's long-arm statute confers personal jurisdiction to the limits of Due Process, the court may pass over analysis of the statute and exercise jurisdiction where the constitutional requirements are satisfied."); Diamond Crystal, 593 F.3d at 1259 ("the Georgia long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process . . . .  It imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the

Subsection (2) of the Long-Arm Statute, the Eleventh Circuit, Georgia courts, and the Court in Paradise Media, have concluded that tortious conduct engaged in over the internet occurs where the offending computer is used, which, in this case, is in California.  Plaintiff has thus failed to allege facts to show that long-arm jurisdiction under Subsection (2) may be exercised here.  Plaintiff thus failed to "allege sufficient facts in its complaint to make out a prima facie case of personal jurisdiction over a defendant" and, even if it had, Plaintiff failed to satisfy its burden to produce evidence supporting personal jurisdiction.[5]  See Diamond Crystal, 593 F.3d at 1257.

---

demands of procedural due process.").  The Court notes further that the defendants in Peridyne were accused of negotiating a contract with the plaintiff, a Georgia-based business, that included payments by defendants in Georgia and a forum selection clause requiring jurisdiction in Georgia, and that defendants electronically accessed plaintiff's computers in Georgia through the use of stolen passwords, and transferred thousands of files from these computers.  See Peridyne, 117 F. Supp. 2d. at 1371.  That the Peridyne Court found that defendants had substantial contact with Georgia is not surprising, but the Peridyne Court's reasoning does not apply to this case, and its interpretation of the Long-Arm Statute has since been rejected by the Eleventh Circuit.

[5]     While Defendant is subject to personal jurisdiction in California, it maintains offices in both Century City, California, with falls within the jurisdiction of the Central District of California, and Menlo Park, California, which falls within the jurisdiction of the Northern District of California.  Because neither of the parties have moved to transfer venue, and because there are two possible districts in California which would have proper venue, the Court will not *sua sponte* transfer this case.  See Kravec v. Chicago Pneumatic Tool Co., 579 F. Supp. 619, 623 (N.D. Ga. 1983).

15

"Because Plaintiff has failed to prove the existence of personal jurisdiction under Georgia's long-arm statute, the Court does not need to decide whether the exercise of jurisdiction, if it existed under the [Georgia] long-arm statute, which it does not, would be proper under the Due Process Clause." Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Ltd., No. 13-CV-2040, 2014 WL 4093669, at *7 (N.D. Ga. Aug. 18, 2014) (citing LabMD v. Tiversa, Inc., 509 F. App'x 842, 846 (11th Cir. 2013)).[6]

Defendant requests that the Court impose sanctions on Plaintiff pursuant to 28 U.S.C. § 1927.  Section 1927 provides that

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Defendant asserts that Plaintiff's pleadings lack any basis to support personal jurisdiction, and that the "tone and substances of the discussions of the parties regarding both the legal insufficiency of Plaintiff's claims and the question of improper jurisdiction prior to the filing of the complaint (in Georgia) as well as Plaintiff's insistence on personal service in

---

[6] On the facts here it is likely, if not inevitable, that the Court would find that the exercise of jurisdiction would not be constitutionally proper.

order to further hold [Defendant's] 'feet to the fire' render Plaintiff's bad faith intent obvious." (Motion at 8).

The Court finds that Plaintiff's filing of its Complaint in Georgia has not "multiplie[d] the proceedings in [this] case unreasonably or vexatiously . . . ." See 28 U.S.C. § 1927. Plaintiff filed its Complaint, and Defendant responded with its Motion to Dismiss. Defendant has not been required to engage in any additional work, or to prepare any additional pleadings or motions to support an award of sanctions. The Court, accordingly, denies Defendant's sanctions request.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Motion for Sanctions [5] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** with respect to Defendant's request that Plaintiff's Complaint be dismissed. It is **DENIED** with respect to the request for sanctions.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] is **DISMISSED**.

**SO ORDERED** this 12th day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE